**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RICHARD C. YOUNG,

    Plaintiff,

    v.

ADVANCE SERVICES, INC.

And

JAMES HARDIE BUILDING PRODUCTS,
INC.,

    Defendants.

Case No.: 1:22-cv-04720
Honorable Franklin U. Valderrama

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant Advance Services, Inc. ("Advance"), submits this Brief in Support of its Motion to Dismiss the Complaint of Plaintiff Richard C. Young ("the Plaintiff") filed against Advance and James Hardie Building Products, Inc. ("James Hardie") (collectively referred to as "the Defendants").

The Plaintiff alleges three causes of action against his former joint employers, Advance and James Hardie – (1) disability discrimination (Counts III and IV), (2) disability-based hostile work environment (Counts I and II), and (3) retaliation (Count V). As explained below, the Court should dismiss the Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**<u>FACTUAL BACKGROUND</u>**

Advance (a staffing agency) hired the Plaintiff and assigned him to work at James Hardie as a laborer beginning on April 4, 2022. (Filing No. 1, ¶ 15). The Plaintiff alleges that "[e]arly" in his employment, he verbally informed James Hardie Shipping Supervisors,

Derek and Charlie, that he "suffered from a medical condition" and that he would require a reasonable accommodation. (Filing No. 1, ¶ 18). He further alleges that the reasonable accommodation that he requested was that he be "allowed to take bathroom breaks about once every two hours." (Filing No. 1, ¶ 19).

The Plaintiff alleges that James Hardie's Shipping Supervisors, Derek and Charlie [LNUK], began to harass him on April 11, 2022. (Filing No. 1, ¶ 22). He alleges that Derek and Charlie told him "that he would need to inform them in person prior to taking any bathroom breaks" and would often make comments such as, "you have to go again?" (Filing No. 1, ¶. 23).

The Plaintiff alleges that nine days later, on April 20, 2022, a James Hardie Human Resources employee, Patty, informed him that James Hardie was terminating him for wandering from his workstation. (Filing No. 1, ¶ 24). He alleges that he only left his workstation to use the bathroom and always informed his supervisors beforehand. (Filing No. 1, ¶ 25).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include a "short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. There must be sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). However, only well-pleaded facts are given a presumption of truth. *Iqbal*, 556 U.S. at 679. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Iqbal*, 556 U.S. at 678.

## ARGUMENT

## I.   THE PLAINTIFF FAILS TO STATE A CLAIM FOR DISABILITY DISCRIMINATION

In the Plaintiff's Count III and Count IV, he alleges disability discrimination under the Americans with Disability Act ("ADA") and Illinois Human Rights Act ("IHRA"). (Filing No. 1, ¶¶ 46-64). To establish a *prima facie* claim of disability discrimination, the Plaintiff must show (1) he has a disability; (2) he is a qualified individual with or without a reasonable accommodation; and (3) he was discriminated against because of his disability. *Majors v. GE Elec. Co.,* 714 F.3d 527, 533 (7th Cir. 2013). The Plaintiff cannot establish his *prima facie* case because he fails to show that he has a disability under the ADA or that he is a "qualified individual" under the ADA.

### a.   *The Plaintiff Fails to Identify His Disability*

To state a claim for disability discrimination, the Plaintiff must first establish that he is "disabled" within the meaning of the ADA. *Conley v. Village of Bedford Park,* 215 F.3d 703 (7th Cir. 2000). To be "disabled," the person must have a physical or mental impairment that "substantially limits one or more major life activities." 42 U.S.C. § 12102.

Whether a plaintiff is disabled under the ADA is therefore a three-step

inquiry. *Bragdon v. Abbott,* 524 U.S. 624 (1998). First, the Plaintiff must show that he suffers from a physical or mental impairment. *Id.* at 631. Second, the Plaintiff must identify the activity claimed to be impaired and establish that it constitutes a "major life activity." *Id.* Third, the Plaintiff must show that his impairment "substantially limits" the major life activity previously identified. *Id.* If a plaintiff's complaint fails to satisfy any of these three prongs, the discrimination claim must be dismissed. *See Pacourek v. Inland Steel Co.,* 858 F.Supp. 1393, 1404 (N.D. Ill. 1994). Here, the Plaintiff has not alleged, much less shown, that he satisfies any of the three prongs.

*First*, the Plaintiff does not identify any physical or mental impairment from which he allegedly suffers. Instead, he offers no more than a vague allegation that he "suffered from a medical condition" (Filing No. 1, ¶ 18) and that he required an accommodation to allow him to "take bathroom breaks about once every two hours." (Filing No. 1, ¶¶ 18-19). The Plaintiff does not identify any particular medical condition or suggest why it would require him to take regular bathroom breaks. The Plaintiff's disability discrimination claim fails on these grounds alone.

*Second*, the Plaintiff does not specify any major life activity compromised by an impairment, which he has not identified in the first place. Federal courts in Seventh Circuit and elsewhere, have repeatedly dismissed ADA claims where the plaintiff has failed to identify a recognized major life activity. *See, e.g., Creasy v. Novelty, Inc.,* No. Civ. A. 404CV2296, 2005 WL 1652441, at 2-3 (M.D. Pa. July 6, 2005) (holding that plaintiff's allegations were legally insufficient because he did not identify which major life activity was substantially affected by his alleged physical impairment); *Simmons v. Ohio Civ. Serv. Emp. Assoc., AFSCME Local 11,* 259 F. Supp. 2d 677 (S.D. Ohio

4

2003) (same); *Johnson v. Fresh Mark, Inc.,* 337 F. Supp. 2d 996 (N.D. Ohio 2003) (same); *Lopez Hernandez v. Municipality of San Juan,* 206 F. Supp. 2d 243 (D.P.R. 2002) (dismissing ADA claim because plaintiff failed "to identify a pivotal life activity and whether that life activity is considered a major life activity under the ADA"); *Sacay v. Research Foundation of the City Univ. of N.Y.,* 44 F. Supp. 2d 496, 501-502 (E.D.N.Y. 1999) (complaint did not state an ADA claim where plaintiff listed multiple medical conditions but failed to identify what major life activity was substantially limited by the disability).

At most, the Plaintiff alleges that he requires bathroom breaks every two hours – a trait hardly different from any other member of the population. His vague allegations do not identify what major life activity, if any, his supposed impairment affects. Simply put, the Plaintiff's failure to identify a major life activity affected by an impairment alone renders his disability claims legally insufficient.

*Third,* the Plaintiff not only fails to identify an impairment or a major life activity affected by that impairment, he does not even attempt to demonstrate any impairment "substantially limits" a major life activity. To qualify as disabled under the ADA, an impairment must substantially limit a major life activity "as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1); *see also Carothers v. Cnty. of Cook,* 808 F.3d 1140, 1147 (7th Cir. 2015) (explaining that to substantially limit a person's major life activity the impairment must "significantly restrict[ ] [her] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.").

The Seventh Circuit has rejected ADA claims where the plaintiff fails to provide

any facts indicating that the impairment substantially limited a major life activity. *See Est. of Robey by Robey v. City of Chicago,* No. 17-CV-2378, 2018 WL 688316, at *4 (N.D. Ill. Feb. 2, 2018) (dismissing ADA claim because Plaintiff failed to provide any allegations explaining how, if at all, her disorder substantially limited her major life activities); *Jackson v. N. Ill. Univ. Coll. of Law*, No. 10 C 01994, 2010 WL 4928880, at *1 (N.D. Ill. Nov. 30, 2010) (dismissing ADA claim because plaintiff did not allege how her disability substantially limited any major life activities and only made the conclusory statement that it did); *Gomez v. Dynamic Mfg., Inc.*, No. 12-CV-7396, 2013 WL 3270660, at *4 (N.D. Ill. June 27, 2013) (dismissing ADA claim because plaintiff did not sufficiently allege that his broken leg sufficiently limited a major life activity).

Here, the Plaintiff has not alleged that he has is substantially limited in any major life activity, nor has he alleged any facts that describe the nature or severity of any impairment or how it might affect any of his major life activities. The Plaintiff simply alleges that he required bathroom breaks every two hours – an interval hardly any more frequent than the average person in the general population. He does not allege an inability to control when he needs to use the bathroom nor does he allege his bathroom breaks would be any longer than a person in the general public.

The Plaintiff fails to satisfy the most basic and straightforward pleading requirement to state a plausible ADA claim. He has not remotely suggested facts needed to satisfy the first prong. Thus, the Plaintiff has failed to state a claim for disability discrimination, and the Court should dismiss his Complaint for failure to allege a disability within the meaning of the ADA.

### b.    The Plaintiff Fails to Demonstrate That He is a "Qualified Individual"

The Plaintiff alleges that he "is a 'qualified individual' as defined under the ADA," (Filing No. 1, ¶ 17) but alleges no facts whatsoever to support that bald legal conclusion. This is precisely the type of unsupported conclusory allegation that does not satisfy the minimum pleading requirements under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Mack v. Chi. Transit Auth.*, 2020 WL 3414952, at *3 (N.D. Ill. June 22, 2020) (*citing EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1014 (N.D. Ill. 2009)).

"Because disability, unlike race, can often be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Mack v. Chicago Transit Auth., No.* 17 C 6908, 2020 WL 3414952, at *3 (N.D. Ill. June 22, 2020) (*quoting EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1014 (N.D. Ill. 2009)).

Courts have routinely held that the same threadbare ADA "qualified individual" allegation as those made by the Plaintiff should be dismissed under Fed. R. Civ. P. 12(b)(6). In *EEOC v. Supervalue, Inc.*, 674 F. Supp. 2d 1007, 1112 (N.D. Ill. 2009), the court dismissed the EEOC's complaint for failure to state claim because, as in this case, it failed to allege facts to support the conclusory, formulaic assertion that the claimant "was a qualified individual with a disability." Similarly, in *EEOC v. United Parcel Service*, 2010 WL 3700704 at *3 (N.D. Ill. 2010), the EEOC's initial complaint was dismissed because it did "not allege sufficient facts demonstrating that [claimant] (or the potential class members) were qualified individuals ... The EEOC's complaint is so threadbare,

conclusory, and formulaic, that it does not even allow the court to reasonably infer that [claimant] or proposed class members have a plausible basis for claiming to be otherwise qualified to perform the essential functions of the job with or without reasonable accommodation." *Accord Maxwell v. Cook*, 2014 WL 3859981 (N.D. Ill. 2014) (dismissing ADA claim because plaintiff failed to allege facts that he was a qualified individual); *Sanders v. Ill. Dept. of Healthcare and Family Srvs.*, 2012 WL 1313314 (N.D. Ill. 2012) (dismissing ADA claim because complaint did not contain allegations that plaintiff was qualified to perform essential functions of job with or without reasonable accommodations); *Abdul-Aziz v. Show Dept., Inc.*, 2010 WL 3516157 (N.D. Ill. 2010) (same).

Here, the Plaintiff fails to provide any facts regarding the essential functions of his job. The Plaintiff alleges only that he is a "laborer." (Filing No. 1, ¶ 15). The Court cannot know whether Plaintiff was able to perform the essential functions of his job when the Plaintiff has not provided any information as to what those essential functions are. Just as in the cases cited above, the Plaintiff's Complaint should be dismissed because he fails to allege sufficient facts to show that he was a qualified individual under the ADA.

## II. THE PLAINTIFF'S DISABILITY-BASED HOSTILE WORK ENVIRONMENT CLAIMS FAILS AS A MATTER OF LAW

In the Plaintiff's Count I and Count II, he alleges he was subjected to a hostile work environment under the ADA and IHRA. (Filing No. 1, ¶¶ 30-45). The same standard governs hostile work environment claims under the ADA as under other employment discrimination laws. *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 856 (7th Cir. 2019). To adequately plead an ADA hostile work environment claim, a plaintiff must allege that (1) he was subject to unwelcome harassment; (2) the harassment stemmed from his

disability; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability. *Bakker v. Mokena Fire Prot. Dist.*, 2020 WL 1139262, at *3 (N.D. Ill. 2020) (citing *Gates v. Bd. of Educ. of the City of Chicago*, 916 F.3d 631, 636 (7th Cir. 2019)).

The Plaintiff's allegations do not remotely approach the "severe and pervasive" requirement of a *prima facie* claim. The only allegations underlying the Plaintiff's hostile work environment claims are that (1) James Hardie Supervisors, Derek and Charlie, told the Plaintiff he would need to inform them in person prior to taking any bathroom breaks (Filing No. 1., ¶ 22), and (2) Derek and Charlie often made statements such as, "you have to go again?" (Filing No. 1, ¶ 23). Not only does the Plaintiff fail to demonstrate he has a disability (as explained above), he also fails to state a *prima facie* case for ADA hostile work environment because he fails to establish severe or pervasive harassment.

"[P]etty workplace slights" that do not represent "significant negative alterations in the workplace" or have "tangible consequences" are not actionable. *Parks v. Speedy Title & Appraisal Review Servs.*, 318 F. Supp. 3d 1053, 1062 (N.D. Ill. 2018) (quotation omitted). Severe or pervasive conduct includes both subjective and objective components. *Bakker*, 2020 WL 1139262, at *3 (*citing Rodgers v. Western-S. Life Ins. Co.*, 12 F.3d 668, 674 (7th Cir. 1993)). A hostile work environment exists where an employee "experiences harassment that is 'so severe or pervasive as to alter the conditions of employment and create an abusive working environment.'" *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). A plaintiff can establish an alteration in the terms and conditions of employment "by demonstrating . . . non-tangible action, such as discriminatory conduct

that is so severe or pervasive as to create an 'abusive' working environment.' " *Id. See also Silk*, 194 F.3d at 804-05. In determining whether a plaintiff has met the standard, "courts must consider all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' " *Silk*, 194 F.3d at 804. *See also Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014).

The threshold for establishing a hostile work environment is high, as the "workplace that is actionable is one that is hellish.'" *Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 645 (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The Court "assume[s] employees are generally mature individuals with the thick skin that comes from living in the modern world." *Swyear v. Fare Foods Corp.,* 911 F.3d 874, 881 (7th Cir. 2018) (*citing Passananti v. Cook Cty.*, 689 F.3d 655, 667 (7th Cir. 2012)). "As a result, employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace." *Id.* Rather, conduct must "permeate[ ]" the workplace with "discriminatory intimidation, ridicule, and insult" that "create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

Court have repeatedly found far more objectionable and offensive behavior insufficient to satisfy the Seventh Circuit's high bar. *See e.g. Silk v. City of Chicago*, 194 F.3d 788, 808 (7th Cir. 1999) (finding that verbal harassment, including being called a "useless piece of [vulgarity]," a "limited duty phony," and a "medical abuser," and references to plaintiff's "[vulgarity] medical problems," when combined with negative

performance reviews and being sent home from work, was not sufficiently severe); *Ammons v. Dart*, No. 16-CV-7770, 2018 WL 2096372, at *6 (N.D. Ill. May 7, 2018) (finding that a supervisor ridiculing Plaintiff multiple times by telling him to "go take [his] medicine" and preventing him from taking his insulin shots in a timely manner did not demonstrate a sufficiently hostile environment); *Coffey-Sears v. Lyons Twp. High Sch. Dist.* 204, No. 15-CV-08642, 2017 WL 1208439, at *13 (N.D. Ill. Mar. 31, 2017) (coworkers' comments directly criticizing Plaintiff's accommodation were not severe or pervasive but a "common workplace dispute"); *McKay v. Vitas Healthcare Corp. of Ill.*, 232 F. Supp. 3d 1038, 1047 (N.D. Ill. 2017) (finding that a single comment that a hearing-impaired individual doesn't "hear anything half the time anyways" was not sufficiently pervasive or severe to create an abusive working environment); *Alanis v. Metra*, No. 13-CV-5962, 2016 WL 464043, at *8 (N.D. Ill. Feb. 8, 2016) (after Plaintiff's request for a fragrance-free workplace, supervisor applying perfume on an unknown number of occasions in Plaintiff's presence, wearing heavy perfume and threatening to discipline Plaintiff after Plaintiff's complaint suggested a hostility that was not serious enough to render the environment an abusive one).

Even assuming the Plaintiff's allegations are true, they fail to show a work environment so severe and "hellish" as to alter the conditions of employment and create an abusive working environment. The behaviors he alleges the James Hardie's employees engaged in are not objectively offensive. Even further, the Plaintiff alleges these behaviors only occurred during a nine day span in April 2022. (Filing No. 1, ¶¶ 21, 24). These allegations fall woefully shy of showing that the alleged harassment was pervasive in the workplace. The Plaintiff's harassment claim fails and the Court should

dismiss it.

## III.   THE PLAINTIFF'S RETALIATION CLAIM FAILS AS A MATTER OF LAW

The Plaintiff's Count V alleges retaliation in violation of the ADA. (Filing No. 1, ¶¶ 65-73). The ADA prohibits employers from retaliating against employees who assert their right under the act to be free from discrimination. 42 U.S.C. § 12203(a). To state a claim for retaliation under the ADA, a plaintiff must allege that: 1) he engaged in a statutorily protected activity; 2) he suffered an adverse employment action; and 3) there was a causal link between the protected activity and the employer's action. See *McClendon v. Ind. Sugars, Inc.,* 108 F.3d 789, 796 (7th Cir. 1997). To demonstrate a causal link in a retaliation claim, a plaintiff must show "that the protected activity and the adverse action were not wholly unrelated." *Sauzek v. Exxon Coal USA, Inc.,* 202 F.3d 913, 918 (7th Cir. 2000). There must be sufficient circumstances demonstrated that reasonably suggest the two events are somehow related to one another. *Id.*

The Plaintiff's retaliation claim fails because he does not allege facts that demonstrate that any of the Defendants' actions were related to any protected activity that he has not alleged in the first place.

### a.   The Plaintiff Does Not Identify Any Protected "Complaint" Activity

First, the Plaintiff has not pleaded any factual support for any claim that he engaged in protected activity by complaining about disability discrimination. As part of his retaliation claim, the Plaintiff makes a conclusory allegation that he "reasonably complained to Defendants about conduct that constituted unlawful disability discrimination which created a sufficiently severe or pervasive work condition in violation of the [ADA]…" Filing No. 1, ¶ 67. Simply put, the Plaintiff makes no factual allegations

12

whatsoever to support the allegation that the Plaintiff complained to the Defendants about disability discrimination. The Plaintiff's Complaint does not contain facts regarding a complaint of disability discrimination made by the Plaintiff to the Defendants. He does not identify a date that he made any complaint. He does not identify a person that he complained to. He does not even describe what he supposedly complained *about*. For the purpose of this Motion, the Court will not accept as true such poorly pleaded allegations. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). Accordingly, the Plaintiff cannot proceed on any retaliation claim based on any protected complaints.

### b. Defendants' Decisionmakers Did Not Have Knowledge of Any Protected Activity

Second, the Plaintiff cannot show that the protected activity and the adverse action were related because he does not allege that a decisionmaker had knowledge of his alleged protected activity. "In order to demonstrate that a defendant was motivated to retaliate based on the plaintiff's protected activity, the plaintiff must first produce evidence that the defendant had actual knowledge of the protected activity." *See Eaton v. J. H. Findorff & Son, Inc.*, 1 F.4th 508, 513 (7th Cir. 2021); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668-69 (7th Cir. 2006) (holding that an employer cannot penalize an employee for engaging in a statutorily protected activity if the employer did not know the plaintiff engaged in the activity). It is not sufficient that a decision-maker could have or even should have known about the employee's complaint. *Id.* (*citing* Nagle v. Village of Calumet Park, 554 F.3d 1106, 1122 (7th Cir. 2009)).

The Plaintiff only identifies James Hardie's Shipping Supervisors, Derek and Charlie, as being aware of his supposed protected activity. (Filing No. 1, ¶ 18). The

Plaintiff only identifies Patty from James' Hardies Human Resources department as the individual who participated in his discharge. (Filing No. 1, ¶ 24). Without information to suggest that any decisionmakers had knowledge of the Plaintiff's supposed protected activity, the Plaintiff cannot pursue a retaliation claim based on those activities. *See Eaton,* 1 F.4th at 513. Notably, the Plaintiff makes no allegations that any individual working for Advance had any knowledge of the supposed protected activity or that any employee from Advance was a decisionmaker involved in his discharge.

For that reason alone, the Plaintiff has failed to state a claim for retaliation, and his Complaint should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, Advance respectfully requests this Court enter an order granting their Motion to Dismiss in accordance with Rule 12(b)(6).

Dated this 12th day of October, 2022.

ADVANCE SERVICES, INC., Defendant,


By: /s/ Brian D. Moore
    Brian D. Moore (NE# 25801) (Pro Hac Vice Application Submitted)
of  BAIRD HOLM LLP
    1700 Farnam Street
    Suite 1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    Email: bmoore@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I served a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Dismiss the Plaintiff's Complaint to all parties and counsel of record electronically using the CM/ECF system:

Nathan C. Volheim, Esq.
nvolheim@sulaimanlaw.com

Chad W. Eisenback, Esq.
ceisenback@sulaimanlaw.com

Eric Donald Coleman
ecoleman@sulaimanlaw.com

Taylor Nicole Rollinson
taylor.rollinson@ogletree.com

/s/ Brian D. Moore

DOCS/2874761.1

15